RECEIVED BY MAIL
APR 10 2012
CLERK, US DISTRICT COURT
MINNEAPOLIS, MN

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

James Mark Vogel,
  Plaintiff,

Case No: 12-cv-884 PJS/JJG

vs.

Comissioner Tom Roy,
Warden Michelle Smith,
Lt. Robert Plumm,
Sgt. Tate Moening,
C.O. Richard Wittenebel,
C.O. Cory Clausen,
  Defendants.

COMPLAINT FOR USE OF EXCESSIVE FORCE BY PRISON OFFICIAL AGAINST PRISON INMATE PURSUANT TO 42 U.S.C.A. 1983; FED. R. CIV. P. 51, 8, (a)

---

Deprivation of Constitutional Rights Under Color of Law; Use of Excessive Force by Prison Guard, Malicious and Sadistic Treatment of An Inmate by Prison Official, and Cruel and Unusual Punishment.

COMPLAINT

James Mark Vogel, brings this civil rights complaint by and through himself, as a "Pro Se Petitioner," and alleges as follows:

Preliminary Statement

SCANNED
APR 10 2012
U.S. DISTRICT COURT MPLS

(1) Plaintiff is a resident and state prison inmate confined in the MCF-Stillwater Prison in Stillwater, State of Minnesota. Plaintiff brings this civil rights action to redress the deprivation of Constitutional Rights by the named individuals under color of state law of rights, priveleges, and immunities secured to plaintiff by provisions of the 1st, 5th, 8th, and 14th, Amendments to the United States Constitution.

1

Plaintiff alleges that he has been visciously, maliciously, and sadistically been subjected to punches, kneed, choked, all while ~~under~~ fully restrained and handcuffed, and then purposely denied medical treatment for loss of hearing in ear. Prison officials have refused to provide physical examination to Plaintiff for alleged serious medical injury to plaintiff, and have ignored all complaints and grievances filed by the plaintiff with regards to this incident. Furthermore, plaintiff was stripped naked and placed on a "restraint board," violating federal law prohibiting the use of "strip cells." Plaintiff alleges further that the aforementioned acts and or policies and practices of the defendants and their employees were knowing, deliberate, and intentional, in disregard for the health and well-being of the plaintiff and that such acts, policies and practices are shocking to the conscience of civilized persons and intolerable in a society purportedly governed by laws and considerations of due process.

### Jurisdiction

(2) This Court's jurisdiction is invoked pursuant to the Federal Rules of Civil Procedure. The asserted rights and interests of the plaintiff exceed 70 five thousand dollars ($75,000.00) exclusive of interest and costs. The substantive claims herein arise under 42 U.S.C.A. §1983 and the 1st, 5th, 8th, and 14th Amendments to the United States Constitution.

### Parties

(3) Plaintiff, James Mark Vogel is a citizen of the United States and a resident of Aitkin, State of Minnesota. At all times pertinent hereto plaintiff James Mark Vogel was and has been incarcerated at the MCF-Stillwater Prison within the custody and control of the defendants and their employees.

(4) Defendant Tom Roy is a resident of the State of Minnesota and is and always has been, at all times pertinent hereto, the Commissioner of Corrections, State of Minnesota. Defendant Tom Roy is responsible for the administration,

operation, and supervision, of state corrections institutions and facilities within the State of Minnesota including MCF-Stillwater Prison and for the promulgation and enforcement of rules, regulations, policies and practices relevant thereto. Defendant Tom Roy is sued herein individually and in his official capacity.

(5) Defendant Michelle Smith is a resident of the State of Minnesota and is and always has been, at all times pertinent hereto, the Warden of the MCF-Stillwater Prison. Defendant Michelle Smith is responsible for the administration, operation and supervision of MCF-Stillwater Prison staff and facilities, the custody and control of MCF-Stillwater Prison inmates, and for the promulgation and enforcement of rules, regulations, policies and practices relevant thereto. Defendant Michelle Smith is sued herein individually and in her official capacity.

(6) Defendant Robert Plumm, is a resident of the State of Minnesota and an employee of the Department of Corrections, State of Minnesota, and is and always has been, at all times pertinent hereto, the 1st Watch Security Supervisor at MCF-Stillwater Prison. Defendant is sued herein individually and in his official capacity.

(7) Defendant Tate Moening, is a resident of the State of Minnesota and an employee of the Department of Corrections, State of Minnesota, and is and always has been, at all times pertinent to, employed at MCF-Stillwater Prison. Defendant Tate Moening is sued herein individually and in his official capacity.

(8) Defendant Richard Wittenbel, is a resident of the State of Minnesota and an employee of the Department of Corrections, State of Minnesota, and is and always has been, at all times pertinent to, employed at MCF-Stillwater Prison. Defendant Richard Wittenbel is sued herein individually and in his official capacity.

(9) Defendant Cory Clausen, is a resident of the State of Minnesota and an employee of the Department of Corrections, State of Minnesota, and is and always has been, at all times pertinent to, employed at MCF-Stillwater Prison. Defendant Cory Clausen is sued herein individually and in his official capacity.

## Facts

(10) On or about 2/10/2012, plaintiff was confined at the MCF-Stillwater

…

Prison Segregation Unit.

(11) Plaintiff had just returned from a special duty hospital trip to St. Joseph's Hospital, St. Paul, Minnesota.

(12) As plaintiff was being escorted to his room in full restraints, handcuffed and shackled, Lt. Robert Plumm unnecessarily and with malice, told the plaintiff to "go ahead and cause more trouble Vogel, I have the board ready for your "silly dumb ass."

(13) Plaintiff turned to Lt. Plumm and spit at him, but did not hit him, nor had the intention of hitting him.

(14) Plaintiff was then thrown on a bed, punched in his head, kneed in his back and choked by two officers, whose sole intent was the wanton infliction of pain and suffering.

(14) Plaintiff was then picked up and carried to different cell, placed face down on a restraint board, and tightly strapped to board and then had all his clothing ripped from his body until he was completely naked, in violation of federal law against the use of "strip cells."

(15) Plaintiff was left on restraint board for nearly two hours, even though he suffers from Chronic Arthralgia/Myalgia and other health issues brought on by his diagnosis of terminal cancer.

(16) Because of plaintiff's medical issues, the actions perpetrated by the defendants amount to nothing less than torture of an inmate, and has resulted in what the plaintiff believes is permanent hearing loss in his left ear, which the defendants associates refuse to treat.

(17) Plaintiff has initiated and/or filed numerous complaints and grievances arising from the foregoing, all of which have been denied and/or ignored by the defendants and their employees.

## Legal Claims

(18) The Defendants, their agents and employees, have acted or failed to act in such a way as to deprive the plaintiff of his rights, priveleges, and immun-

ities secured to plaintiff by provisions of the 1st, 5th, 8th, and 14th Amendments to the United States Constitution, thereby endangering the plaintiff's health and well-being.

(19) Defendants, their agents and employees, have used excessive force against the plaintiff, maliciously and sadistically, with its only intent being to cause pain and suffering. Such acts have deprived the plaintiff of his rights, priveleges and immunities secured to the plaintiff by provisions of the 1st, 5th, 8th, and 14th Amendments to the United States Constitution, thereby endangering the plaintiff's health and well-being.

(20) Defendants, their agents and employees, violated the 8th Amendment's ban on cruel and unusual punishment, by not using force applied in a good-faith effort to maintain or restore discipline, but to maliciously and sadistically to cause harm. Such acts have deprived the plaintiff of his rights, priveleges and immunities secured to the plaintiff by provisions of the 1st, 5th, 8th, and 14th Amendments to the United States Constitution, thereby endangering the plaintiff's health and well-being.

(21) The defendant's actions and/or omissions were negligent, reckless and/or intentional, with malice aforethought, whose sole purpose was to cause the wanton infliction of pain and suffering.

(22) The defendant's actions and/or omissions were committed under color of law and/or pursuant to policies, customs, practices, rules, regulations, ordinances, statutes, and/or usages of the State of Minnesota, Department of Corrections, and MCF-Stillwater Prison.

(23) Plaintiff has no adequate and sufficient remedy at law with which to address the wrongs alleged herein and will continue to suffer irreparable injury from the conduct of the defendants unless he is granted the equitable relief prayed for herein.

(24) As a direct and proximate result of the above described actions and omissions of the defendants, plaintiff has suffered general damages in amounts in excess of $75,000.00, exclusive of interest and costs, the exact amounts of which will be proven at trial.

5

WHEREFORE, Plaintiff prays for relief as follows:

(1) That the Court determine and enter judgement declaring that the acts and omissions of the defendants, as set forth above, violate rights secured to the plaintiff by the 1st, 5th, 8th, and 14th Amendments to the United States Constitution;

(2) That upon hearing, the Court issue a preliminary and permanent injunction:

(a) Enjoining the defendants, their agents, employees, and successors in office to provide medical care to the plaintiff for the damage done to his ear by the assault on his person by prison guards, which is consistent with the standards of medical care and treatment in the State of Minnesota as a whole;

(b) Enjoining the defendants, their employees, agents, and successors in office from refusing to provide and/or delaying provisions of necessary medical treatment and care to plaintiff either at suitable and adequate facilities within MCF-Stillwater prison or elsewhere;

(3) That the Court award general damages to plaintiff;

(4) That the Court award punitive damages to plaintiff;

(5) That the defendants be required to pay the legal costs and expenses herein, including reasonable provision for plaintiff's fees;

(6) That this Honorable Court construe this pro se complaint liberally; thus holding it to a less rigorous standard than formal pleadings drafted by lawyers. This pro se complaint contains specific facts which supports its conclusions;

(7) That the Court grant such further and additional relief that is appropriate herein.

Date: 4/9/2012

Respectfully Submitted,
James Mark Vogel, 208979
James Mark Vogel
In Pro Se
MCF-Stillwater Prison
970 Pickett Street North
Bayport, MN 55003

DEMAND FOR JURY TRIAL

Plaintiff, James Mark Vogel, In Pro Se, hereby demands a trial by jury as to all issues so triable herein.

Date: 4/9/2012

James M. Vogel, 208979
James M. Vogel, In Pro Se
MCF-Stillwater Prison
970 Pickett Street North
Bayport, MN  55003

7

State of Minnesota )
                   ) ss. AFFIDAVIT IN SUPPORT OF COMPLAINT
County of Washington )

Case No: _____

James M. Vogel, being first duly sworn on oath deposes and says:

(1) I am the plaintiff above-named and am suing herein individually the defendants who are named in the Complaint;

(2) I have read the attached Complaint for Damages, Injunction and Declaratory Judgement, am familiar with the facts alleged therein, and hereby verify that the factual allegations contained in the aforementioned Complaint are true and correct to the best of my information, understanding and belief.

Date: 4/9/2012

*James M. Vogel*
James M. Vogel, In Pro Se
MCF-Stillwater Prison
970 Pickett Street North
Bayport, Minnesota  55003

Subscribed and sworn to me on this _____ day of _____ 2012.

_____
NOTARY PUBLIC

My commission expires: _____

8