UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JAMES MARK VOGEL,

          Plaintiff,

v.

Commissioner TOM ROY,
Warden MICHELLE SMITH,
Lt. ROBERT PLUMM,
Sgt. TATE MOENING,
C.O. RICHARD WITTENEBEL,
and C.O. CORY CLAUSEN,

          Defendants.

Civil No. 12-0884 (PJS/JJG)

**REPORT AND RECOMMENDATION**

Plaintiff, a state prison inmate, commenced this action by filing a complaint seeking relief for alleged violations of his federal constitutional rights. (Docket No. 1.) The case has been assigned to the undersigned Magistrate Judge of the District Court for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.[1] For the reasons discussed below, the Court finds that Plaintiff's complaint fails to state a

---

[1] Plaintiff did not tender the statutory filing fee with his complaint, but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) It appears from Plaintiff's IFP application that he may be unable to pay even the initial partial filing fee that prisoners are required to pay pursuant to 28 U.S.C. § 1915(b)(1). Thus, the Court finds, at least for now, that Plaintiff has "no assets and no means by which to pay the initial partial filing fee," (28 U.S.C. § 1915(b)(4)), and that this matter should proceed directly to the initial screening process prescribed by § 1915A.

claim on which relief can be granted, and that this action should therefore be dismissed pursuant to § 1915A(b)(1).

**I.  BACKGROUND**

Plaintiff is an inmate at the Minnesota Correctional Facility in Stillwater, Minnesota, ("MCF-STW"). He alleges that on February 20, 2012, he spit at a correctional officer at MCF-STW – Defendant Robert Plumm. According to the complaint:

> "Plaintiff was then thrown on a bed, punched in his head, kneed in his back and choked by two officers, whose sole intent was the wanton infliction of pain and suffering.
>
> Plaintiff was then picked up and carried to [a] different cell, placed face down on a restraint board, and tightly strapped to [the] board and then had all his clothing ripped from his body until he was completely naked, in violation of federal law against the use of 'strip cells.'
>
> Plaintiff was left on [the] restraint board for nearly two hours, even though he suffers from chronic arthralgia/myalgia and other health issues brought on by his diagnosis of terminal cancer.
>
> Because of Plaintiff's medical issues, the actions perpetrated by the defendants amount to nothing less than torture of an inmate, and has resulted in what the plaintiff believes is permanent hearing loss in his left ear, which the defendants['] associates refuse to treat."

(Complaint, p. 4, ¶s 14-16.)

Plaintiff is now attempting to sue the Minnesota Commissioner of Corrections, (Defendant Tom Roy), the Warden at MCF-STW, (Defendant Michelle Smith), Lt. Robert Plumm, and three other correctional officials employed at MCF-STW, (Defendants Tate Moening, Richard Wittenebel, and Cory Clausen). Plaintiff claims

that Defendants violated his constitutional rights by using excessive force against him. He is seeking a judgment that would (a) award him damages for physical injuries that he allegedly has sustained, and (b) "provide medical care to the plaintiff for the damage done to his ear by the assault on his person by prison guards." (Complaint, p. 6.)

## II.   DISCUSSION

Because Plaintiff is a prisoner who is attempting to sue employees of the State of Minnesota, his pleading is subject to initial "screening" pursuant to 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the plaintiff's pleading in every civil action brought by a prisoner against governmental employees or entities "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. If a prisoner's complaint fails to state an actionable claim for relief, it must be summarily dismissed. 28 U.S.C. § 1915A(b).

To state an actionable claim for relief, a plaintiff must allege a set of specific historical facts, which, if proven true, would entitle the plaintiff to some appropriate redress against the named defendant(s) under some cognizable legal theory. Although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980).

A complaint fails to state a cause of action if it does not allege "enough facts

3

to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). The facts supporting a plaintiff's claims must be clearly alleged. Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004).

To state an actionable civil rights claim under 42 U.S.C. § 1983, as Plaintiff is attempting to do here, a complainant must allege a set of historical facts showing that the named defendants violated the complainant's federal constitutional rights while acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). To establish a defendant's liability in a civil rights action "requires a causal link to, and direct responsibility for, the deprivation of rights" protected by the Constitution. Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); Speed v. Ramsey County, 954 F.Supp. 1392, 1397 (D.Minn. 1997) (same). In other words, civil rights claimants must plead facts showing each named defendant's personal involvement in alleged constitutional wrongdoing. Ellis v. Norris, 179 F.3d 1078, 1079 (8th Cir. 1999). See also Beck v. LaFleur, 257 F.3d 764, 766 (8th Cir. 2001) (upholding summary dismissal of civil rights claims, because plaintiff's complaint "failed to allege sufficient personal involvement by any of defendants to support such a claim").

In this case, Plaintiff has not alleged any facts showing that any of the

4

individual named Defendants personally performed (or failed to perform) any specific action that could be viewed as a violation of Plaintiff's constitutional rights. Plaintiff's complaint does not describe any specific acts or omissions by any of the individual Defendants. It appears that Plaintiff might have intended to allege that one or more of the named Defendants was somehow involved in the disciplinary incident described in his complaint, but again, the complaint does not attribute any specific acts or omissions to any of the individual named Defendants. None of the named Defendants is clearly identified in any of the substantive factual allegations in the complaint, (aside from the allegation that Plaintiff spit at Defendant Plumm).

In a civil rights action, the "plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676, (emphasis added). Plaintiff's current complaint clearly fails to meet this requirement. Plaintiff has not described anything that any individual named Defendant personally did, (or failed to do), that allegedly violated his constitutional rights. Therefore, Plaintiff's complaint fails to state any actionable civil rights claim against any of the named Defendants.[2]

---

[2] The Court has not overlooked Plaintiff's allegations that (1) Defendant Tom Roy, (the Commissioner of Corrections), "is responsible for the administration, operation, and supervision, of state corrections institutions and facilities within the State of Minnesota... and for the promulgation and enforcement of rules, regulations, policies and practices relevant thereto," and (2) Defendant Michelle Smith, (the warden at MCF-STW), "is responsible for the administration, operation and supervision of MCF-Stillwater Prison staff and facilities, the custody and supervision of MCF-Stillwater Prison inmates, and for the promulgation and enforcement of rules, regulations, policies and practices relevant thereto." (Complaint, pp. 2-3, ¶s (4) and (5).) However, these broad allegations pertaining to Roy's and Smith's responsibilities do not describe any violation of Plaintiff's constitutional rights. Defendants Roy and Smith undoubtedly have some supervisory authority over other

5

## III.  CONCLUSION

Because Plaintiff has failed to plead a cause of action on which relief can be granted, the Court will recommend that this action be dismissed pursuant to § 1915A(b).  Notwithstanding the dismissal of this action, Plaintiff will remain liable for the unpaid balance of the $350 filing fee.[3]  To date, he has not paid any part of that fee, so he still owes the full $350.  Prisoner officials will have to deduct that amount from Plaintiff's institutional trust account and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2).

Finally, because Plaintiff has failed to plead an actionable claim for relief, the Court will recommend that the dismissal of this action be counted as a "strike" against him for purposes of 28 U.S.C. § 1915(g).

---

employees at MCF-STW, but that authority alone cannot cause them to be liable in a § 1983 civil rights action.  See Ouzts v. Cummins, 825 F.2d 1276, 1277 (8th Cir. 1987) (per curiam) ("[r]espondeat superior is not applicable to § 1983 claims... [and] a warden's general responsibility for supervising the operations of a prison is insufficient to establish personal involvement").  Roy and/or Smith could conceivably be liable to Plaintiff under § 1983 if either of them personally instituted some clearly identified policy, custom or practice that caused a violation of Plaintiff's constitutional rights, (id), but no such policy, custom or practice is described in Plaintiff's complaint.

[3] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action.  However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee."  In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee.  Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time").  Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee.  See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action").

**IV.    RECOMMENDATION**

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1.      Plaintiff's application to proceed <u>in</u> <u>forma</u> <u>pauperis</u>, (Docket No. 2), be **DENIED**;

2.      This action be **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 1915A(b);

3.      Plaintiff be required to pay the unpaid balance of the court filing fee, namely the full $350, in accordance with 28 U.S.C. § 1915(b)(2); and

4.      For purposes of 28 U.S.C. § 1915(g), this action be dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.


Dated: May 9, 2012           *s/ Jeanne J. Graham*
                              JEANNE J. GRAHAM
                              United States Magistrate Judge


**NOTICE**

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **May 25, 2012**. A party may respond to the objections within fourteen (14) days after service thereof. Any objections or responses shall not exceed 3,500 words. The District Judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made.