UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JAMES MARK VOGEL,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER TOM ROY; WARDEN MICHELLE SMITH; LT. ROBERT PLUMM; SGT. TATE MOENING; C.O. RICHARD WITTENEBEL; C.O. CORY CLAUSEN,<br><br>Defendants. | Case No. 12-CV-0884 (PJS/JJG)<br><br><br>ORDER ADOPTING<br>REPORT AND RECOMMENDATION |

James Mark Vogel, plaintiff pro se.

Plaintiff James Mark Vogel, an inmate at the Minnesota Correctional Facility in Stillwater, Minnesota, and a frequent filer of lawsuits, brings yet another lawsuit — this time against six state corrections officials (collectively "the defendants") who are accused of violating Vogel's constitutional rights when they allegedly used excessive force against him on or about February 20, 2012. *See* Compl. ¶¶ 1, 10 [ECF No. 1]. This matter is before the Court on Vogel's objection to Magistrate Judge Jeanne J. Graham's May 9, 2012 Report and Recommendation ("R&R"). Judge Graham recommends that Vogel's complaint be summarily dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A(b); that Vogel be required to pay the $350 filing fee pursuant to 28 U.S.C. § 1915(b); and that Vogel's complaint count as a "strike" for purposes of 28 U.S.C. § 1915(g). *See* R&R at 7 [ECF No. 3].

In his objection to the R&R, Vogel concedes that his complaint fails to plead facts that describe what each of the defendants allegedly did to violate his constitutional rights. Vogel maintains, however, that his failure to plead such facts was due to his inability to investigate the

incident. *See* ECF No. 4 at 1 ("The only reason that the plaintiff was unable to specifically describe who did what when he was assaulted is because he was blind-folded by the correctional officers, and now the facility refuses to release the video to him . . . ."). Vogel asks the Court to dismiss his complaint without prejudice so that he may retain counsel following his release from prison in November and file a new complaint with additional facts.

The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on that review, the Court agrees with Judge Graham that Vogel has not pleaded sufficient facts to state a claim against the defendants. But, given the seriousness of Vogel's allegations and his apparent inability to investigate the incident at this time, the Court will dismiss the complaint without prejudice, so that Vogel may re-file his complaint upon his release from prison. In doing so, the Court is mindful that the Eighth Circuit has frequently modified dismissals of prisoner complaints to be without prejudice so that prisoners may re-file their complaints against the proper defendants. *See, e.g.*, *Hutchinson v. Jefferson Cnty. Jail*, 242 F.3d 375 (8th Cir. 2000) (unpublished table decision) (modifying dismissal to be without prejudice so the plaintiff could re-file the complaint against the proper defendants); *De La Garza v. Kandiyohi Cnty. Jail, Corr. Inst.*, 18 Fed. App'x. 436, 437 (8th Cir. 2001) (unpublished) (same). Accordingly, the Court adopts Judge Graham's R&R and her recommendation that Vogel's complaint be summarily dismissed for failure to state a claim, with the clarification that Vogel's complaint is dismissed without prejudice.

Only two more matters merit comment:

First, Vogel objects to Judge Graham's recommendation that his complaint be counted as a "strike" for purposes of 28 U.S.C. § 1915(g), which is commonly referred to as the "three-

strikes" provision of the Prison Litigation Reform Act ("PLRA").  Under this provision, a prisoner is no longer eligible for *in forma pauperis* (IFP) status — that is, a prisoner must pay the entire court-filing fee up front rather than in installments — if the prisoner has had three or more actions "dismissed on the grounds that it is frivolous, malicious, *or fails to state a claim upon which relief may be granted*, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g) (emphasis added); *see also Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (explaining that this provision "does not close the courthouse doors to prisoners who frequently file frivolous lawsuits; rather, it merely makes them pay the full ordinary filing fees sooner rather than later.").  Because the Court has dismissed Vogel's complaint (albeit without prejudice) for failure to state a claim upon which relief may be granted, Vogel's complaint counts as a "strike" for purposes of § 1915(g).[1]  Vogel's objection is therefore overruled.

Second, Vogel asks the Court not to hold him accountable for the $350 filing fee.  *See* ECF No. 4 at 2.  The Court does not have authority to provide the relief that Vogel seeks.  *See In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997) ("Even if Tyler's petition is dismissed, Tyler will still be assessed the full filing fee because the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal."); *Ashley*, 147 F.3d at 716 ("The purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the

---

[1]Vogel argues that his complaint should not count as a strike because he intends to re-file the complaint upon his release from prison.  Nothing in § 1915(g), however, will impede Vogel's ability to re-file his complaint upon his release from prison, as the provision applies only to prisoners.  *See* 28 U.S.C. § 1915(h) (defining the term "prisoner" to mean any person incarcerated or detained).

proceeding or in installments over a period of time."). In fact, the Eighth Circuit has reversed district courts for suspending the collection of filing fees. *See, e.g.*, *Williams v. Harmon*, 294 Fed. App'x 243, 245 (8th Cir. 2008) (unpublished) ("[T]he court was not authorized under the Prison Litigation Reform Act to direct prison officials not to collect the filing fee for the instant complaint."). Accordingly, Vogel's objection is overruled.

ORDER

Based on the foregoing, and on all of the files and records herein, IT IS HEREBY ORDERED THAT:

1. Plaintiff's objection [ECF No. 4] is SUSTAINED IN PART and OVERRULED IN PART.

2. The Court ADOPTS the R&R [ECF No. 3] to the extent that it is consistent with this order.

3. Plaintiff's complaint [ECF No. 1] is SUMMARILY DISMISSED WITHOUT PREJUDICE.

4. Plaintiff's application to proceed in forma pauperis [ECF No. 2] is DENIED.

5. Plaintiff must pay the unpaid balance of the court-filing fee, namely $350, pursuant to 28 U.S.C. § 1915(b).

6. For purposes of 28 U.S.C. § 1915(g), this action is dismissed on the grounds that it fails to state a claim upon which relief may be granted.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  June 6, 2012         s/Patrick J. Schiltz
                             Patrick J. Schiltz
                             United States District Judge